**RECORD NO. 12-15403-AA**

# In The
# United States Court of Appeals
## For The Eleventh Circuit

# JOE HOUSTON,

*Plaintiff – Appellant,*

**versus**

# MAROD SUPERMARKETS, INC.,

*Defendant – Appellee.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

———————

**REPLY BRIEF OF APPELLANT**

———————

Thomas B. Bacon
THOMAS B. BACON, P.A.
4868 Southwest 103rd Avenue
Cooper City, Florida  33328
(954) 478-7811

*Counsel for Appellant*

THE LEX GROUP ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA  23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# Table of Contents

**Page**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.      Brief Summary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     The Defendant/Appellee Misinterprets The Central Issue Of

        The Lower Court's Ruling . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Certificate of Compliance

Certificate of Filing and Service

## Table of Authorities

**Page(s)**

**Cases**

Menkowitz v. Pottstown Mem'l Med. Ctr.,

    154 F.3d 113 (3d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

Molski v. M.J. Cable, Inc.,

    481 F.3d 724 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*PGA Tour v. Martin,

    532 U.S. 661, 121 S. Ct. 1879 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

**Statutes**

42 U.S.C. § 12182(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

42 U.S.C. § 12182(b)(1)(A)(iv) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Denotes Cases Chiefly Relied Upon*

I.   **Brief Summary**

Defendant/Appellee re-hashes the argument that was put before the District Court, but misses the entire point of the Lower Court's ruling. The Lower Court did not analyze whether or not the Plaintiff will return to the subject property. Rather, the Lower Court reasoned that when the Plaintiff does return he must be a "bona fide patron" in order to have any standing and, because he is a "tester", he is disqualified from being a "bona fide patron". In this regard, the District Court brushed aside the issue of whether Plaintiff would return and held instead this his return and re-encounter with Defendant's discriminatory barriers would somehow lack legitimacy because he is not "bona fide".

In this regard, the Lower Court fashioned its own brand of justice and interpretation of the law that went beyond the arguments presented by the parties. Also, the Lower Court entirely misinterpreted the case law it cited in believing that any precedent exists in support of such a holding.

II.  **The Defendant/Appellee Misinterprets The Central Issue Of The Lower Court's Ruling**

The Defendant/Appellee entirely confuses the issue on which the District Court founded its opinion. All the arguments presented regarding "concrete plans", "intent to return" and the Proximity Test, as argued by the parties and applied by the various courts over the years, address the issue of whether or not

1

the plaintiff will return to the subject property in the future. In other words, these arguments and considerations are solely used by courts to analyze whether the plaintiff will return to the property at all.

Although the District Court made reference to the Proximity Test, it conceded that the Plaintiff will return to the property.[1] Therefore, the Proximity Test, intent to return, concrete plans tests and analyses are entirely irrelevant to the District Court's holding. The Appellee/Defendant's brief submitted before this Circuit Court re-arguing these issues is entirely irrelevant.

The issue arising from the District Court's opinion is not whether the Plaintiff will return to the property. Rather, the issue is whether he must be a "bona fide patron" in order to suffer discrimination and whether his status as a "tester" disqualifies him from having any standing to sue.[2]

---

[1]The Court stated: "After such a lawsuit, Houston revisits the property to determine whether the ADA violations have been remedied. [citation omitted.] This lawsuit seems likely an example of how Plaintiff utilizes his test visits". Opinion, p. 5. The District Court did not challenge the Plaintiff's stated intent to return or make any finding that he will not return.

[2]In this regard, the District Court's own words must be restated:
> "Applying those factors to the facts of this case, the Court finds that Plaintiff is not a *bona fide* patron of Defendant's supermarket. The Complaint makes clear that Plaintiff considers himself a tester of ADA compliance, in that he plans to return to the property in part 'to determine whether the property has been made ADA compliant. [] After such a lawsuit, Houston revisits the property to determine whether the ADA violations have been remedied. [] This lawsuit seems likely an example of how Plaintiff utilizes his test visits.

2

The District Court cited two cases in setting forth the proposition that precedent exists to support its conclusion that "bona fide" patronage is a requirement of the ADA. Opinion, p. 5. As explained in the Appellate Brief, at pp. 11-12, the cases cited by the District Court simply do not stand for that proposition.

Indeed, there is no requirement that a disabled person be a "bona fide patron" or even a "customer", "patron" or "client" at all. See <u>PGA Tour v. Martin</u>, 532 U.S. 661, 678-79, 121 S. Ct. 1879 (2001)("Title III's broad general rule contains no express 'clients or customer' limitation"); <u>Molski v. M.J. Cable, Inc.</u>, 481 F.3d 724 (9th Cir. 2007)("Molski did not need to have been a client or customer of Cable's to be an 'individual' entitled to the protections of Title III. One need not be a client or customer of a public accommodation to feel the sting

---

"Houston lives in Pompano Beach Florida, approximately 30 miles away from Defendant's store. [] Even if he were a frequent visitor to his attorneys' office on NE 125 Street in North Miami, the location of his residence some 30 miles away diminishes the likelihood of a continued threat of injury necessitating injunctive relief...Plaintiff's openly stated desire to act as a tester of ADA compliance, together with the supermarket's distance from his place of residence, establishes that he is something other than a bona fide patron."

Clearly, the District Court does not question whether Mr. Houston will in fact return to the property. Rather, it held that he would not be a bona fide patron if and when he does return.

3

of discrimination.")[3]. In Martin, the Supreme Court rejected the argument that Title III standing is limited to "'clients or customers' seeking to obtain 'goods and services' at places of public accommodation". 532 U.S. at 678-79. The petitioner had argued that because Martin was a professional golfer giving the equivalent of a performance for the benefit of the audience, that he did not qualify for Title III standing. In rejecting this argument, the Supreme Court stated that: "Title III's broad general rule contains no express "clients or customers: limitation...." Id.

In Menkowitz v. Pottstown Mem'l Med. Ctr., 154 F.3d 113, 122 (3d Cir. 1998), the Third Circuit held that a medical doctor working as an independent contractor at a hospital had Title III standing despite the fact that he was neither a client nor a customer, nor even a member of the general public. The court concluded that "both the language of Title III and its legislative history clearly demonstrate [that] the phrase 'clients or customers,' which only appears in 42 U.S.C. § 12182(b)(1)(A)(iv), is not a general circumscription of Title III and cannot serve to limit the broad rule announced in 42 U.S.C. § 12182(a)." Id. at 121. Rather, the court noted, "[t]he operative rule announced in Title III speaks not

---

[3] After providing in depth analysis of why Title III imposes no such "customer or client" requirement, both the Supreme Court and Ninth Circuits held that a one-time payment is sufficient to make a disabled person a "client or customer" of a public accommodation. Martin, 532 U.S. at 679-80; Molski, 481 F.3d at 733-34.

4

in terms of 'guests', 'patrons', 'clients', 'customers', or 'members of the public', but instead broadly uses the word 'individuals.'" Id.

## III.  Conclusion

For the foregoing reasons and as set forth in the Appellant Brief, the District Court's decision should be reversed.

        Respectfully submitted,

        Attorney for Plaintiff/Appellant:

        /s/ Thomas B. Bacon
        Thomas B. Bacon, P.A.
        4868 S.W. 103rd Ave.
        Cooper City, FL 33328
        ph. (954) 925-6488
        fax (954) 237-1990
        Fl. Bar No. 139262
        tbb@thomasbaconlaw.com

## Certificate Of Compliance

1.	This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains <u>1,139</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.	This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Corel WordPerfect 12 in 14 pt. Times New Roman font.

<u>/s/ Thomas B. Bacon</u>
*Counsel for Appellant*

## Certificate Of Filing and Service

I hereby certify that on this 22nd day of February, 2013, I caused this Reply Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Carmen M. Rodriguez
Law Offices of Carmen Rodriguez, PA
15715 South Dixie Highway, Suite 411
Palmetto Bay, Florida  33157
(305) 254-6101

*Counsel for Appellee*

I further certify that on this 22nd day of February, 2013, I caused the required number of bound copies of the foregoing Reply Brief of Appellant to be filed via UPS Next Day Air with the Clerk of this Court and for one copy of the same to be served, via UPS Ground Transportation, to all case participants, at the above listed address.

/s/ Thomas B. Bacon
*Counsel for Appellant*