LAW OFFICES OF

# Carmen Rodriguez, P.A.

PALMETTO BAY CENTRE
15715 SOUTH DIXIE HIGHWAY, SUITE 411
PALMETTO BAY, FLORIDA 33157-1884
TELEPHONE: (305) 254-6101  FACSIMILE: (305) 254-6048
BROWARD LINE: (954) 578-0940

**Carmen Rodriguez**
**Paul Gibbs**
**Caroline Sand**

Florida Registered Paralegal
Kim Rivera

September 17, 2013

John Ley, Clerk of Court
Eleventh Circuit Court of Appeals
56 Forsyth Street NW
Atlanta, GA 30303

    Re:  *Joe Houston v. Marod* - Court of Appeals No. 12-15403-AA
          Court's Instruction to the parties to address *Stevens v. Premier Cruises, Inc.*

Dear Sir:

    Appellee, Marod Supermarkets, Inc., consistent with the instructions of the Court at Oral Argument held on September 13, 2013, hereby addresses the Court's reference to *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237 (11th Cir. 2000).

    Standing under Article III requires a plaintiff to show three things: (1) injury in fact; (2) causal connection; and (3) the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). Moreover, because Title III claims are limited to injunctive relief under ADA 42 U.S.C. 12188(a)(2), the plaintiff in an ADA lawsuit must <u>also</u> show a concrete and specific intent to return to the place of public accommodation at issue. *Lugan*. "Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges a real and immediate, as opposed to a merely conjectural or hypothetical, threat of future injury. *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (citing *Wooden v. Bd. of Regents of Univ. Sys.*, 247 F.3d 1262,

*John Ley, Clerk of Court*
*Joe Houston v. Marod,* Court of Appeals No. 12-15403-AA
Page 2

1284 (11th Cir. 2001). At the Oral Argument in this matter, the Court referred the parties to *Stevens v. Premier Cruises, Inc.* finding that the allegation that "in the near future, [plaintiff] would take another cruise aboard defendant's ship" was sufficient to plead the genuine threat of future injury requirement to pursue injunctive relief in federal court. For this, *Stevens* cites to *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 120 S. Ct. 693, 705-706, 145 L. Ed. 2d 610 (2000). However, *Laidlaw* does not support the conclusion that a speculative allegation that "in the near future she would take another cruise" is sufficient to establish the "real and immediate" threat of future discrimination necessary to establish standing. *Lujan.* (". . . profession of an 'intent' to return to the places they have visited before . . . is simply not enough. Such 'some day' intentions - without any description of concrete plans or indeed any specification of when the day will be - do not support a finding of the 'actual or imminent' injury that our cases require."). This finding in *Stevens* (which is dicta) is inconsistent with *Lujan* and later decisions of this Court. *See Access for America, Inc. v. Associated Out-Door Clubs, Inc.,* 188 Fed. Appx. 818 (11th Cir. 2006) (finding no error in the district court's conclusion that ADA plaintiff was not entitled to injunctive relief where he could not demonstrate any reasonable chance of re-visiting the facility other than "someday").

Nonetheless, the facts of *Stevens* are distinguishable. The credibility of the plaintiff is relevant in determining the plaintiff's intent to return for the future injury prong. *See Brother v. Rossmore Tampa L.P.,* 2004 U.S. Dist. LEXIS 28524 at *13-14 (M.D. Fla. Aug. 19, 2004) (finding that plaintiff failed to satisfy the injury-in-fact element of actual or imminent harm where plaintiff's professed intent to return to defendant-hotel lacked credibility and was merely a convenient statement made in attempt to satisfy the standing requirement).[1] *Stevens* did not involve a challenge to the credibility of the plaintiff's professed intent to return. In a factual attack on the Court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) the district court is free to independently weigh facts and there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear

---

[1] Even Judge Barkett's dissenting opinion in *Access for America*, considers the credibility of the professed intent to return: "Wilder's recent and frequent use of the track makes his intent to return credible." 188 Fed. Appx. at 820.

*John Ley, Clerk of Court*
*Joe Houston v. Marod,* Court of Appeals No. 12-15403-AA
Page 3

---

the case. *Morrison v. Amway Corp.,* 323 F.3d 920, 925 (11th Cir. 2003) (quoting *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990).

 Here, the lower court determined that Plaintiff's conclusory allegations of the intent to return to the grocery store more than 30 miles from his home and previously visited only in connection with litigation was not credible in light of the material facts as outlined in the decision.

Very truly yours,

Carmen Rodriguez
Counsel for Marod Supermarkets, Inc.

cc: (via U.S. mail and e-mail)
  Thomas B. Bacon, Esq.
  Thomas B. Bacon, P.A.
  4868 S.W. 103 Ave.
  Cooper City, FL 33328
  Attorney for Appellant Joe Houston